[No. 17049.   Department Two.   June 12, 1922.]

MAGGIE E. HULET, *Respondent*, v. CHARLES HULET, *Appellant*.[1]

APPEAL (452) — REVIEW — HARMLESS ERROR — ADMISSION OF EVIDENCE. Error in the admission of evidence in a divorce case is harmless where there was sufficient competent evidence to sustain the findings.

DIVORCE (80)—DIVISION OF PROPERTY—MODIFICATION OF DECREE. Upon granting a divorce to a wife whom the testimony indicates is inclined to fritter away her substance, the supreme court may order that real property awarded to her be given to her for life, or until she remarries, the title to remain in her husband.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered September 6, 1921, upon findings in favor of the plaintiff, in an action for divorce, tried to the court.   Modified.

*E. E. Boner,* for appellant.

*Gus L. Thacker,* for respondent.

MACKINTOSH, J.—This is a divorce action between parties who have been married many, many years. There can be no purpose in a recitation of the melancholy situation revealed by the testimony.   The facts established entitled the respondent to a divorce, and, in the absence of any error of law, the decree in her favor must be sustained.

The errors of law assigned by the appellant refer principally to the admission of evidence which the appellant claims went beyond the allegations of the complaint.   It may be that some of the incidents testified to as acts of cruelty on the part of appellant were not specifically set out in the complaint, but, at most, they were mere amplifications of the allegations of that

[1]Reported in 207 Pac. 610.

document, and were it conceded that we could not sustain the admission of some of this testimony, still, upon the hearing *de novo* here, there appears to us sufficient other evidence in the record to justify the lower court in granting the divorce.

We cannot entirely agree, however, with the decree in regard to the distribution of the property and feel called upon to modify it to some extent, for the reason that the testimony is indicative of a disposition on respondent's part to fritter away her substance. The setting aside to the respondent of the home property in Centralia will be modified so that she will have the right to use that property during her lifetime, or until such time as she remarries; the legal title to remain in the appellant. The equal division of the cash on hand after the payments directed by the trial court to be made therefrom will stand, with this modification: that the appellant pay one-half of the amount awarded to the respondent in cash, and that the remaining one-half shall be deposited in some place to be designated by the trial court to abide the result of the controversy which the respondent is having with the United States government in regard to the second policy of insurance upon the life of her deceased son. In the event that controversy results in her favor, the money deposited by appellant shall be returned to him; if she is unsuccessful in that controversy, the money is to be paid to her.

The lower court is directed to modify the decree in accordance with these suggestions.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.